(115 App. Div. 148)

### ROTH v. MAUTNER et al.

(Supreme Court, Appellate Division, First Department. October 19, 1906.)

1. DEPOSITIONS—INTERROGATORIES—FORM.

    Code Civ. Proc. § 912 provides that on an application for a commission to be issued to a foreign country, if it satisfactorily appears by affidavit that the witness does not understand the English language, the order for the commission may direct that interrogatories be framed in English, as well as in the foreign language. *Held*, that where it appeared by the affidavit of the moving party's attorney that the attorney was informed by his client, who was then abroad and had seen the witness, that he did not speak nor understand the English language, the interrogatories should have been framed both in English and in the foreign language.

2. CONTINUANCE—DEPOSITIONS—GRANT OF COMMISSION.

    Where, on the denial of defendants' motion for the issuance of an open commission to take the testimony of certain witnesses in a foreign country, the moving party went to the foreign country in order to learn sufficient facts to enable him to frame interrogatories, and, on learning sufficient facts, the attorneys, with reasonable promptness, applied for a commission, it was error, on granting the commission, to deny defendants' application for a stay.

    [Ed. Note.—For cases in point, see vol. 10, Cent. Dig. Continuance, §§ 38, 39.]

Appeal from Special Term, New York County.

Action by Ignatz Roth against Julius Mautner and another. From so much of an order granting a commission as refused to permit interrogatories to be propounded both in English and German, and from the refusal of a stay, defendants appeal. Reversed in so far as appealed from.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Selden Bacon, for appellants.

Henry A. Friedman, for respondent.

SCOTT, J. The defendants were (with others) creditors of one Isaac Chaitin. All of the creditors, including defendants, signed an identical agreement by which they agreed to assign their respective claims to plaintiff upon the payment of 25 per cent. thereof. Defendants received 25 per cent. of their claim, but refused to make assignment thereof upon the ground that, as they allege, other creditors were secretly paid more than 25 per cent. This action is brought to compel the assignment of the claim by defendants, and they answer, setting up the secret payments to other creditors. The persons to whom it is said such payments were made reside in London and in Leipsic. In April last a motion was made for an open commission, which was denied and the denial affirmed by this court. At that time the defendants

knew the names of the persons to whom and through whom, as they believed, the secret payments had been made, but did not know the facts concerning such payments sufficiently well to frame written interrogatories. When the motion for an open commission was finally denied the defendants went to London and Leipsic and, after some trouble, were able to learn sufficient of the facts to enable interrogatories to be framed. Their information upon that subject was communicated to their attorneys, who, with reasonable promptness applied for a commission. This motion was granted only to the extent of permitting a commission to issue with interrogatories and cross-interrogatories framed in the English language, the application to frame them in both English and German and the application for a stay being denied.

No reason appears why the interrogatories and cross-interrogatories should not be framed in both English and German, as authorized by the Code. It appears by the attorney's affidavit that he is informed by his clients, who are now abroad, and have seen the witnesses residing in Leipsic, that those witnesses do not speak nor understand the English language. Although this is secondary evidence of the fact, it accords with the probabilities, and is the best evidence presently obtainable. If the attorney were required to wait until he could procure properly authenticated affidavits from Leipsic, it would necessitate a further postponement of this application and very possibly further delay the trial of the cause. A reasonable stay should also have been granted. It cannot be fairly said that defendants have been guilty of laches because they have waited so long after the denial of their motion for an open commission. It is true they then knew the names and residences of the witnesses whom they desired to examine, and believed that, if permitted to examine them orally, they could elicit the facts which they desired to prove. To frame appropriate written interrogatories to elicit the facts from witnesses who would probably testify with reluctance was quite another matter and called for much more definite knowledge on the part of the questioner than would have been necessary if the examination had been oral. The defendants appear to have been reasonably diligent in seeking such knowledge. Unless an applicant for a commission has been guilty of laches or bad faith, it is customary to grant a reasonable stay with the order for a commission. We do not consider, in view of the nature of the case, that the defendants have been shown to have been guilty of such laches as to have acted in bad faith, so as to except them from the general rule. The motion should have been granted.

The order, in so far as it is appealed from, is reversed, with $10 costs and disbursements, and the motion granted; the stay not to exceed 90 days from the issuance of the commission; the appellant to pay to the adverse party the sum of $25 for the expense of procuring the interrogatories in his behalf to be translated. All concur.